**Glen Wayne SCHAFER, Petitioner—Appellant,**

v.

**Ernest C. ROE, Warden, Respondent—Appellee.**

No. 00–56698.

D.C. No. CV–99–07050–ABC–Mc.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2003.*

Decided May 6, 2003.

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM **

Appellant Glen Wayne Schafer appeals from the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for one count of possession of methamphetamine in violation of California Health and Safety Code § 1377(a). We affirm.

Our review is limited; we may only consider claims that the petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a highly deferential standard for federal review of habeas petitions by defendants held in custody resulting from state court judgments. *Killian v. Poole*, 282 F.3d 1204, 1207 (9th Cir.2002). AEDPA permits the granting of a writ of habeas corpus only when the state court decision is (1) "contrary to" or "an unreasonable application of" clearly binding precedent of the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

As part of his defense at trial, Schafer called defense investigator Cynthia Mar-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cotte to testify regarding out-of-court statements by his former girlfriend, Esther Ponce. (Ponce had refused to testify, asserting her Fifth Amendment privilege against self-incrimination.) Marcotte testified that Ponce confessed to her ownership of the methamphetamine. Marcotte also testified that Ponce told her that she was aware of Schafer's potential exposure under the "three strikes" law (Cal. Pen.Code § 667). As a result of this testimony, through which Schafer's prior convictions came before the jury, the trial judge determined that the previously-ordered bifurcation (deferring at Schafer's request the issue of prior convictions to a later stage) was no longer necessary and announced that the jury would be advised of the additional charges. Defense counsel then called Schafer to the stand, but requested a sidebar conference before asking him any questions. He explained that because the prosecution had presented no evidence to prove the prior convictions, he did not want to subject his client to cross-examination on the subject of the prior convictions, which the trial court had already said could come in by way of impeachment if Schafer testified. Thus, the defense concluded its case without presenting testimony from Schafer. After that, the trial court permitted the prosecution to reopen its case to present evidence on the prior conviction allegations which had not been offered before during the prosecution's case in chief because of the bifurcation. When defense counsel later recalled Schafer, the trial court limited the defendant's subsequent testimony to the subject covered in the prosecution's reopened presentation, namely Schafer's prior convictions, and did not permit Schafer to testify regarding the possession charge itself.

Schafer contends that he was denied his right to testify when the trial judge limited the scope of his testimony the second time he took the stand. While the right to testify on one's own behalf at a criminal trial is protected by the Constitution, it may "bow to accommodate other legitimate interests in the criminal trial process," provided any such restrictions are not "arbitrary or disproportionate to the purposes they are designed to serve." *Rock v. Arkansas*, 483 U.S. 44, 55–56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (internal quotation and citation omitted). The trial judge's restriction on Schafer's testimony was consistent with California Penal Code § 1093(d): "The parties may [after the presentation of evidence by the opposition] then respectively offer *rebutting testimony only*, unless the court, for good reason, in furtherance of justice, permit them to offer evidence upon their original case." Cal. Pen.Code § 1093(d) (emphasis added). Therefore, the limitation on scope of testimony was neither arbitrary nor disproportionate to the interests of the efficient administration of the case, *Rock*, 483 U.S. at 55–56, nor was it contrary to or an unreasonable application of federal law. 28 U.S.C. § 2254(d); *see Williams*, 529 U.S. at 404–05.

Schafer also claims that he was denied effective assistance of counsel when his attorney failed to inform him that any testimony he might offer later in the trial would be limited in scope only to those issues introduced by the prosecution after the defense had rested. Although Schafer's attorney erroneously suggested that the defendant's subsequent testimony would not be restricted, Schafer is unable to show that this shortcoming resulted in prejudice, as required by *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Schafer has not demonstrated that, but for his counsel's incorrect advice regarding the scope of future testimony, there is a reasonable probability that the result of the proceeding would have been different. *Id.* The evidence weighing against Schafer

was substantial. Schafer was apparently prepared to testify that he did not know the drugs were in his van, he did not know the fanny pack was on the passenger side of the van, and he did not make the statements attributed to him by the officers as they indicated. In light of the extensive evidence in favor of the prosecution, however, the district court did not find such hypothetical testimony persuasive. That finding is not clearly erroneous.

Because Schafer is unable to show that the state court's decision was contrary to or an unreasonable application of federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding, the district court's denial of his petition was proper.

AFFIRMED.